**IT IS ORDERED as set forth below:**



**Date: February 23, 2018**

_____
**Wendy L. Hagenau
U.S. Bankruptcy Court Judge**

_____

# UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| IN RE: | CASE NO. 18-50355-WLH |
| RALPH LESTER SKELTON, JR. | CHAPTER 13 |
| Debtor. | |

## ORDER GRANTING MOTION TO TRANSFER

**THIS MATTER** is before the Court on the Chapter 13 Trustee's Motion for Inter-District Transfer (Doc. No. 15) (the "Motion"). The Court held a hearing on the Motion on February 21, 2018 and the Court took the matter under advisement. For the reasons stated below, the Court grants the Motion.

**I.    FACTS**

The facts are undisputed. The Debtor filed a petition under Chapter 13 of the Bankruptcy Code on January 8, 2018 in the Bankruptcy Court for the Northern District of Georgia, Atlanta Division. At Debtor's Section 341 meeting of creditors, Debtor testified that he resides at 2295

1

Herds Creek Road, Monticello, Georgia. The property is in Jasper County, which is in the Middle District of Georgia. The Trustee filed the Motion contending that the Northern District of Georgia is not the proper venue and the case should be transferred to the Middle District of Georgia. Debtor does not contest that he lives in Jasper County. Debtor maintains, however, that the Court should not transfer the case because the Northern District of Georgia is a more convenient venue.

The Court held a hearing on the Motion on February 21, 2018. Debtor, Debtor's counsel, and counsel for the Chapter 13 Trustee were present. Counsel for the Trustee argued that the case should be transferred to the Middle District of Georgia because the Debtor, an individual, does not reside and does not have business operations or assets in the Northern District of Georgia. Debtor's counsel conceded that Debtor resides in Jasper County, where he lives with his parents and two small children. He stated, though, that Debtor's home is closer to the Bankruptcy Court in the Northern District of Georgia than it is to the Bankruptcy Court in the Middle District of Georgia. Further, Debtor is a detective with DeKalb County, which is in the Northern District of Georgia, and Debtor's creditors are largely national creditors. Counsel argued that the Court should retain the case and cited authority for the proposition that a bankruptcy court should consider several factors, including principally the convenience of the parties, in deciding whether to transfer a case.

## II.    ANALYSIS

There is no question the case was improperly filed in the Northern District of Georgia. The question is whether the Court may, in its discretion, retain the case. The Court finds that it cannot.

2

Several applicable statutes support this conclusion. First, 28 U.S.C. § 1408, provides that a bankruptcy case should be filed in the district in which the debtor has a domicile, residence, principal place of business, or principal assets. The section provides:

> Except as provided in section 1410 of this title, a case under title 11 may be commenced in the district court for the district –
>
>> (1) in which the domicile, residence, principal place of business in the United States, or principal assets in the United States, of the person . . . that is the subject of such case have been located for the one hundred and eighty days immediately preceding such commencement . . . .

28 U.S.C. § 1408.

Second, 28 U.S.C. § 1412 provides that a court may transfer a case in certain circumstances. The section provides:

> A district court may transfer a case or proceeding under title 11 to a district court for another district, in the interest of justice or for the convenience of the parties.

28 U.S.C. § 1412. The section is silent as to cases filed in an improper district. The Debtor argues that the use of the term "may" in this section means that the court is not *required* to transfer a case and can retain it.

Third, 28 U.S.C. § 1406(a) governs the transfer of cases filed in an improper venue. It provides that when a case is filed in the wrong venue, the court must dismiss or transfer the case. The section provides:

> The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

28 U.S.C. § 1406(a). Although this section does not specifically mention Title 11 bankruptcy cases, most courts have found the broad language of the statute encompasses *all* improperly venued cases of whatever variety. For example, in Thompson v. Greenwood, 507 F.3d 416, 419-

3

20 (6th Cir. 2007), the court explained that, presumably, since bankruptcy judges "constitute a unit of the district court," this statute includes Title 11 cases. While some authorities have found that 28 U.S.C. § 1406 is inapplicable to bankruptcy cases, the better interpretation is that Section 1412 applies only to bankruptcy cases that are properly venued in the first instance and Section 1406 applies to improperly venued cases. *See* Id. at 420.

Federal Rule of Bankruptcy Procedure 1014(a) supports this conclusion. The rule implements the provisions of both Section 1406 and Section 1412. On the one hand, part (a)(1) of the rule provides that if a case is properly venued, it may be transferred (in accord with Section 1412). On the other hand, part (a)(2) states that if the case is improperly venued, it may be dismissed or transferred (in accord with Section 1406). The rule states, in part:

> (2) Cases filed in improper district. If a petition is filed in an improper district, on timely motion of a party in interest and after hearing on notice to the petitioners, the United States trustee, and other entities as directed by the court, the case may be dismissed or transferred to any other district if the court determines that transfer is in the interest of justice or for the convenience of the parties.

Fed. R. Bankr. P. 1014(a)(2).

The Notes of Advisory Committee explain that Congress drafted the section to clarify that when a case is filed in an improper district, the court can either dismiss or transfer the case – it cannot retain an improperly filed case. While former 28 U.S.C. § 1477 authorized a court to either transfer or retain a case filed in a district where venue was improper, 28 U.S.C. § 1412 superseded 28 U.S.C. § 1477 and authorizes *only* the transfer of a case. Accordingly, Congress amended Bankruptcy Rule 1014 to delete the reference to retention of a case commenced in the improper district. Since Section 1406(a) also authorizes a court to dismiss a case commenced in an improper district, Fed. R. Bankr. P. 1014(a) provides the court may either dismiss or transfer a case filed in an improper district. The advisory note makes clear that since the repeal of 28

4

U.S.C. § 1477, which explicitly permitted retention of an improperly venued case, there is no longer any authority for such retention. Therefore, under 28 U.S.C. § 1406, if a case is filed in an imporper venue, and an interested party timely objects, a court only has two options: (1) to dismiss the case or (2) transfer the case to a jurisdiction of proper venue, if in the interest of justice.

Notwithstanding these provisions, some courts have concluded that a bankruptcy court, in its discretion, can *retain* an improperly venued case for the convenience of the parties or in the interest of justice. For example, in In re Lazaro, 128 B.R. 168 (Bankr. W.D. Tex. 1991), the bankruptcy court held that Fed. R. Bankr. P. 1014(a)(2) was inconsistent with 28 U.S.C. § 1412 and therefore not applicable. Instead, the court held that 28 U.S.C. § 1412 allowed the court to retain a case filed in an improper venue if retention was in the interest of justice or the convenience of the parties. The court decided it would retain the case, despite being filed in an improper venue, because the debtors lived closer to the court in which the case was filed, it was more convenient for all parties, changing venue would increase the cost and time of travel, debtors' counsel was local, and the court had already resolved several issues regarding cash collateral and lease renewals. The majority of courts, however, hold that a bankruptcy court may dismiss a case filed in an improper venue or transfer it to a court where venue is proper but *cannot* retain a case in a venue that is improper. *See, e.g.*, In re Sorrells, 218 B.R. 580 (10th Cir. B.A.P. 1998); In re Houghton Mifflin Harcourt Publ'g Co., 474 B.R. 122 (Bankr. S.D.N.Y. 2012); In re Pannell, 243 B.R. 23 (Bankr. S.D. Ohio 1999); In re McDonald, 219 B.R. 804 (Bankr. W.D. Tenn. 1998); EDP Med. Computer Sys. v. U.S. (In re EDP Med. Computer Sys.), 178 B.R. 57 (M.D. Pa. 1995).

The Sixth Circuit summarized the majority view in Thompson v. Greenwood, 507 F.3d 416 (6th Cir. 2007): (1) the venue requirements of 28 U.S.C. § 1408 are mandatory, not optional; (2) 28 U.S.C. § 1412 applies only to bankruptcy cases filed in a proper venue; (3) 28 U.S.C. § 1406 applies to cases, including bankruptcy cases, filed in an improper venue; and (4) Fed. R. Bankr. P. 1014(a)(2) authorizes the transfer of an improperly venued case to a district in which the case could have originally been brought, and only in the interest of justice, in accordance with the plain language of Section 1406. Id. at 424. This Court adopted the majority view in In re The Sporting Club at Ill. Ctr., 132 B.R. 792 (Bankr. N.D. Ga. 1991), in which Judge Drake found that "the better view, and one that is consistent with the wording of the Rule and the advisory committee notes, is that a court must either dismiss or transfer an improperly venued case." Id. at 798.

The bankruptcy court for the Middle District of Georgia addressed the question presented here in U.S. Tr. v. Swinney (In re Swinney), 300 B.R. 388 (Bankr. M.D. Ga. 2003). The debtors filed a chapter 7 bankruptcy petition in the Middle District of Georgia. The debtors listed their address as being in Russell County, Alabama, which was purportedly five miles from the courthouse in the Middle District of Georgia (the courthouse in the Middle District of Alabama was about thirty to thirty-five miles from their home). The debtors conceded their home address was in the Middle District of Alabama, venue was improper in the Middle District of Georgia, and they chose to file in this district for the convenience of the parties. The United States Trustee filed a motion to dismiss or transfer the case, arguing that the court did not have discretion to retain the case. The debtors argued that the court did have discretion to retain the case and the court should exercise its discretion to do so given the equities of the case. While 28 U.S.C. § 1406 states a district court has no discretion to retain an improperly venued case, the

debtors argued that the section only applies to district courts, and not bankruptcy courts, and the court should instead look to 28 U.S.C. § 1412. The court disagreed.

The bankruptcy court explained prior to the 1984 amendments there was a bankruptcy venue statute, 28 U.S.C. § 1477, that specifically allowed bankruptcy courts to retain cases filed in an improper venue. However, 28 U.S.C. § 1477 was repealed and 28 U.S.C. § 1412 was enacted; it does not specifically allow for retention of wrongly venued cases. While the court acknowledged there are cases that supported the debtors' position, the court declined to follow those. The court instead found 28 U.S.C. § 1406 applies to cases not addressed in 28 U.S.C. § 1412, namely cases filed in the wrong venue. Looking to 28 U.S.C. § 1406, the court found it had no discretion to retain cases filed in the wrong venue; it could only dismiss or, if in the interest of justice, transfer the case to a district in which it could have been brought.

The Swinney court noted that transferring, rather than dismissing, the case would save the debtors time and money preparing and filing a new case and transferring the case would preserve causes of action that the trustee would potentially lose if the debtors had to re-file at a later date. Accordingly, it found it was in the interest of justice to transfer the case to the United States Bankruptcy Court in the Middle District of Alabama. The court stated, though, that even if it had discretion to retain the case, it would have still transferred the case to the United States Bankruptcy Court in the Middle District of Alabama. The court noted the debtors lived in Alabama, their assets were in Alabama, and all of their creditors were either national or located in Alabama. Further, the court in the Middle District of Alabama was only thirty-five miles from the debtors' hometown; the distance was thus not so far as to impose an undue burden on the debtors. Therefore, other than the convenience of debtors and their attorney, the court found no interests would be served by keeping the case in Georgia.

The debtors appealed, and the district court affirmed. Swinney v. Turner, 309 B.R. 638 (M.D. Ga. 2004). The district court found there was no statutory authority for a court to *retain* a case in which venue was improper. The court explained: "The applicable statutes simply do not authorize a bankruptcy court to retain a case when venue is improper, even if retaining the case may be more convenient for the parties or in the interest of justice." Id. at 641; *see also* In re Columbia W., Inc., 183 B.R. 660, 664-65 (Bankr. D. Mass. 1995) (transferring venue in a chapter 11 bankruptcy case after concluding that Section 1406(a) applies to improperly venued cases while Section 1412 applies only to cases where venue is appropriate in the first instance).

The Court finds these cases persuasive and those cited by Debtor's counsel to be inapposite as they address a different situation – where venue is proper but just not convenient. For example, in In re Butcher, 46 B.R. 109 (Bankr. N.D. Ga. 1985), defendants in an adversary proceeding moved to transfer venue under 28 U.S.C. § 1412. The court noted the decision to transfer or retain a case under that section lies within the sound discretion of the Court and that a bankruptcy court should consider several different factors. However, the court was not dealing with a case filed in an improper district and the court did not consider 28 U.S.C. § 1406 at all. Accordingly, the Court finds Butcher is distinguishable from this case.

### III.    APPLICATION

This case was improperly filed in the Northern District of Georgia. Debtor resides in Jasper County in the Middle District of Georgia. Debtor does not have a domicile, residence, principal place of business, or principal assets in the Northern District of Georgia. The Court recognizes the Debtor has genuine reasons for filing the case here and it would be convenient for him for the Court to retain the case. The Court lacks authority to do so, however. Pursuant to applicable law, the Court must either dismiss or transfer the case to another district. The Trustee

moved for the Court to transfer the case, and there is no basis to dismiss the case at this time. Accordingly, the Court finds transferring the case to the Middle District of Georgia is in the interest of justice.

Even if the Court had discretion to retain the case, it would still transfer the case to the United States Bankruptcy Court for the Middle District of Georgia. The Debtor lives in the Middle District. He is an individual and does not have a business or business assets in this district. As Debtor's counsel noted, Debtor's creditors are mainly national creditors, so the transfer should not negatively impact them. Further, while the court in the Middle District of Georgia may be farther than the court in the Northern District of Georgia, the distance is not so far as to impose an undue burden on the Debtor. Finally, the Court notes the case was filed less than two months ago. Confirmation is not scheduled until March 21, 2018 and, unlike the court in Lazaro, the Court has not already resolved any contentious issues. Therefore, the Court finds transferring the case would be in the interest of justice.

## IV. CONCLUSION

Venue is improper in this district. Therefore, the Court must either dismiss or transfer the case. There is no basis to dismiss the case at this time. Accordingly,

**IT IS ORDERED** that the Motion to Transfer Venue is **GRANTED**.

**IT IS FURTHER ORDERED** that the above-styled case is **TRANSFERRED** to the United States Bankruptcy Court for the Middle District of Georgia.

The Clerk is directed to serve a copy of this order on the Debtor, Debtor's counsel, the Chapter 13 Trustee, and all parties.

**END OF DOCUMENT.**